UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Correia Contracting, LLC <br> Debtor. <br><br> CORREIA CONTRACTING, LLC, <br> Movant/Appellant, <br><br> v. <br><br> WILLIAM K. HARRINGTON, <br> UNITED STATES TRUSTEE FOR REGION 1, <br> Respondent/Appellee. | Civil Action No. 24-cv-13097-GAO <br><br> (Chapter 11 Case No. 24-12299-JEB) |

ORDER
January 29, 2025

O'TOOLE, D.J.

On December 16, 2024, debtor-appellant Correia Contracting, LLC filed a notice of appeal regarding the bankruptcy court's decision to dismiss the debtor's Chapter 11 bankruptcy case. On December 19, 2024, Correia Contracting filed in this Court an emergency motion to stay the dismissal order pending resolution of the appeal (dkt. no. 4). The motion to stay was argued before this Court on January 16, 2025. For the following reasons, the Court DENIES the motion to stay.

In this circumstance, granting a stay pending appeal requires the movant to satisfy a standard similar to the familiar one applied to an appeal concerning the grant or denial of a preliminary injunction: (1) likelihood of success on the merits of the appeal, (2) likelihood of irreparable harm in the absence of a stay, (3) whether the balance of equities tips in movant's favor, and (4) whether the stay is consistent with the public interest. Nken v. Holder, 556 U.S. 418, 434

(2009). The first two elements are the most significant. Id.; In re Fraterfood Serv., Inc., CASE NO. 14–00002 BKT, 2015 WL 5317601, at *1 (Bankr. D.P.R. Sept. 11, 2015).

The debtor has failed to establish a likelihood of success on the merits of its appeal. "A bankruptcy court's order dismissing a debtor's case should be overturned only if the debtors establish that the bankruptcy court committed a clear abuse of discretion." In re Eldorado Canyon Props., LLC, 505 B.R. 601, 603 (B.A.P. 1st Cir. 2014) (quoting In re Rosado, No. PR 11–081, 2012 WL 2564375, at *3 (B.A.P. 1st Cir. June 29, 2012)). Dismissal can be an abuse of discretion only if the bankruptcy court "does not apply the correct law" or "rests its decision on a clearly erroneous finding of material fact." In re Andover Covered Bridge, LLC, 553 B.R. 162, 171 (B.A.P. 1st Cir. 2016) (quoting In re De Jounghe, 334 B.R. 760, 765 (B.A.P. 1st Cir. 2005)).

The bankruptcy court offered two compelling reasons for dismissing the case. The first reason is that the debtor had "ample time . . . to prove to the U.S. Trustee that there was builder's risk [insurance]" as required by 11 U.S.C. § 1112(b)(4)(c) but failed to do so. (Exs. to Mot. for Stay Pending Appeal 132 (dkt. no. 5).) After the U.S. Trustee established cause for dismissal, the burden shifted to the debtor to demonstrate unusual circumstances that would justify denying the motion to dismiss the case. 11 U.S.C. § 1112(b)(2); see In re AmeriCERT, Inc., 360 B.R. 398, 400–01 (Bankr. D.N.H. 2007); In re Costa Bonita Beach Resort, Inc., 513 B.R. 184, 195 (Bankr. D.P.R. 2014). The debtor failed to meet this burden. The only evidence of adequate insurance that the debtor offered was weak. All that was offered was Mr. Correia's word and a copy of an insurance policy which itself does not contain an affirmative mention of "builder's risk" coverage. (Exs. to Mot. for Stay Pending Appeal 25–109.) The fact that an insurance broker asserted in an email to Mr. Correia that "builder's risk" coverage was in the policy without specific reference to

2

the policy language was unconvincing in the circumstance. (Id. 112.) The bankruptcy judge properly regarded such flimsy evidence insufficient to satisfy the debtor's burden.

Additionally, there are important procedural requirements that the debtor failed to satisfy, the omission of which constitutes another sufficient basis for denying the stay. First, the debtor did not follow Federal Rule of Bankruptcy Procedure 8007 and Local Rule 203.8007, which ordinarily require motions to stay to be filed first in the bankruptcy court except when doing so would be "impracticable." Fed. R. Bankr. P. 8007(a), (b)(2)(A). Instead, the debtor filed its emergency motion for stay pending appeal directly in this Court, claiming the bankruptcy court's denial of its prior motions twice suggested that a third motion would probably be futile. Courts routinely reject similar arguments. See In re Lozano, No. 1:23-CV-10081-NMG, 2023 WL 4995328, at *4 (D. Mass. May 19, 2023) (finding appellant had not shown impracticability by arguing that the bankruptcy judge's prior ruling in favor of appellees after trial demonstrated that she would not fairly consider a motion to stay); In re Strong, Civ. No. 17-1271 (GMS), 2018 WL 936103, at *3 (D. Del. Feb. 14, 2018) ("Appellant's assumption that the Bankruptcy Court would rule against him based on prior rulings was not a sufficient reason to seek a stay first in this Court rather than seeking it first in the bankruptcy court."); In re Howes, Civil Action No. ELH-16-00840, 2016 WL 4944983, at *3 (D. Md. Sept. 15, 2016).

For the foregoing reasons, the Emergency Motion for Stay Pending Appeal (dkt. no. 4) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.  
United States District Judge